UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
 ------------------------------------------------------------X
LITTMAN KROOKS LLP, on behalf of all plaintiffs,
M.A. individually and on behalf of R.A.;
A.B. individually and on behalf of D.Z.;
M.B. individually and on behalf of L.V.;
A.C. individually and on behalf of C.H.;
Y.C. individually and on behalf of J.V.;
U.H. individually and on behalf of C.B.;
N.L. individually and on behalf of N.L.;
G.M. individually and on behalf of P.M.;
M.M. individually and on behalf of A.R.;
M.M. individually and on behalf of L.R.;
T.N. individually and on behalf of R.P.N.;
N.N. individually and on behalf of N.N.;
D.P. individually and on behalf of D.H.;
D.P. individually and on behalf of O.H.;
I.S. individually and on behalf of P.M.;
J.S. individually and on behalf of B.S.; and
I.V. individually and on behalf of L.O.;

|                |                |
|----------------|----------------|
| Plaintiffs,    | **COMPLAINT**  |
| -against-      | **Index No.**  |

New York City Department of Education,
                                    Defendant.
 ------------------------------------------------------------X

Littman Krooks LLP, individually and on behalf of M.A., A.B., M.B., A.C., Y.C., U.H., N.L.,

G.M., M.M., M.M, T.N., N.N., D.P., D.P., I.S., J.S., and I.V., all Parents or Legal Guardians of

students with disabilities, for their Complaint, hereby allege:

1.      This is an action pursuant to the fee shifting provisions of the Individuals the Individuals

with Disabilities Education Improvement Act ("IDEIA"), 20 U.S.C. § 1415(i)(3), to recover

attorneys' fees and costs that Plaintiffs M.A., A.B., M.B., A.C., Y.C., U.H., N.L., G.M., M.M.,

M.M, T.N., N.N., D.P., D.P., I.S., J.S., and I.V. ("Plaintiffs" or "Parents") incurred in connection

with administrative proceedings *inter alia*, brought individually and behalf of their children, R.A.,

D.Z., L.V., C.H., J.V., C.B., N.L., P.M., A.R., L.R., R.P.N., N.N., D.H., O.H., P.M., B.S., and

L.O., pursuant to 20 U.S.C. 1400 *et seq*. against the New York City Department of Education ("Defendant" or "District"). Plaintiff Littman Krooks LLP represented Plaintiffs M.A., A.B., M.B., A.C., Y.C., U.H., N.L., G.M., M.M., M.M, T.N., N.N., D.P., D.P., I.S., J.S., and I.V. in the administrative proceedings pursuant to 20 U.S.C. 1400 *et seq*. pursuant to retainer agreements. The Plaintiffs, by signing the retainer agreements, authorized the law firm of Littman Krooks LLP ("Littman Krooks") to institute claims on their behalf to secure an award of attorneys' fees for services performed in connection with the administrative review of their children's educational placement; and authorized Littman Krooks to receive on their behalf sums paid by the Department of Education in full settlement of these claims.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiffs' federal claim for an award of reasonable attorneys' fees to a prevailing party in an administrative proceeding under the IDEIA, pursuant to 20 U.S.C. 1415(i)(3)(A), and as an action raising a federal question under 28 U.S.C. 1331.[1]

3.      Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that Plaintiffs and Defendant all reside in or are situated within this judicial Defendant.

---

[1]      The IDEA attorney's fees provision, as set forth at § 20 U.S.C. § 1415(i)(3) serves the important public purpose of helping to ensure that parents of students with disabilities to have access to attorneys without regard to income.   Congress also recognized that parents of students with disabilities perform an important public service by essentially acting as private attorneys general and bringing IDEA claims to enforce the statute. *See generally* S. REP. NO. 99-112. Due process hearings can also help identify service gaps and problems for school districts. *See* Kevin Lanigan et al., "Nasty, Brutish . . . and Often Not Very Short: The Attorney Perspective on Due Process," in RETHINKING SPECIAL EDUCATION FOR A NEW CENTURY (Chester Finn et al., eds., 2001) at 225. *See* Daggett, Lynn, "*Special Education Attorney's Fees: of Buchannan*, the IDEA Reauthorization Bills and the IDEA as Civil Rights Statute," 8:1 UC Davis Journal of Juvenile Law & Policy at 8, fn 39.

## THE PARTIES

4.    Plaintiff  R.A. is a student with a disability pursuant to 20 U.S.C. § 1401 (3)(A).  He has been classified by the Defendant as a student with Autism.

5.    Plaintiff M.A. is R.A.'s ("R.A." or "Student") parent.

6.    Plaintiff D.Z. is a student with a disability pursuant to 20 U.S.C. § 1401 (3)(A).  He has been classified by the Defendant as a student with Autism.

7.    Plaintiff A.B. is D.G.'s ("D.G." or "Student") parent.

8.    Plaintiff L.V. is a student with a disability pursuant to 20 U.S.C. § 1401 (3)(A).  He has been classified by the Defendant as a student with Autism.

9.    Plaintiff M.B. is L.V.'s ("L.V." or "Student") parent.

10.    Plaintiff C.H. is a student with a disability pursuant to 20 U.S.C. § 1401 (3)(A).  He has been classified by the Defendant as a student with Autism.

11.    Plaintiff A.C. is C.H.'s ("C.H." or "Student") parent.

12.    Plaintiff J.V. is a student with a disability pursuant to 20 U.S.C. § 1401 (3)(A).  He has been classified by the Defendant as a student with Autism.

13.    Plaintiff Y.C. is J.V.'s ("J.V." or "Student") parent.

14.    Plaintiff C.B. is a student with a disability pursuant to 20 U.S.C. § 1401 (3)(A).  He has been classified by the Defendant as a student with an Other Health Impairment.

15.    Plaintiff U.H. is C.B.'s ("C.B." or "Student") parent.

16.    Plaintiff N.L. is a student with a disability pursuant to 20 U.S.C. § 1401 (3)(A).  He has been classified by the Defendant as a student with Autism.

17.    Plaintiff N.L. is N.L.'s ("N.L." or "Student") parent.

18.     Plaintiff P.M. is a student with a disability pursuant to 20 U.S.C. § 1401 (3)(A).  He has been classified by the Defendant as a student with Autism.

19.     Plaintiff G.M. is P.M.'s ("P.M." or "Student") parent.

20.     Plaintiff A.R. is a student with a disability pursuant to 20 U.S.C. § 1401 (3)(A).   He has been classified by the Defendant as a student with a Speech or Language Impairment.

21.     Plaintiff M.M. is A.R.'s ("A.R." or "Student") parent.

22.     Plaintiff L.R. is a student with a disability pursuant to 20 U.S.C. § 1401 (3)(A).   He has been classified by the Defendant as a student with An Intellectual Disability.

23.     Plaintiff M.M. is L.R.'s ("L.R." or "Student") parent.

24.     Plaintiff R.P.N. is a student with a disability pursuant to 20 U.S.C. § 1401 (3)(A).   He has been classified by the Defendant as a student with a Speech or Language Impairment.

25.     Plaintiff T.N. is R.P.N.'s ("R.P.N." or "Student") parent.

26.     Plaintiff N.N. is a student with a disability pursuant to 20 U.S.C. § 1401 (3)(A).   He has been classified by the Defendant as a student with Autism.

27.     Plaintiff N.N. is N.N.'s ("N.N." or "Student") parent.

28.     Plaintiff D.H. is a student with a disability pursuant to 20 U.S.C. § 1401 (3)(A).   She has been classified by the Defendant as a student with a Learning Disability.

29.     Plaintiff D.P. is D.H.'s ("D.H." or "Student") parent.

30.     Plaintiff O.H. is a student with a disability pursuant to 20 U.S.C. § 1401 (3)(A).   He has been classified by the Defendant as a student with Autism.

31.     Plaintiff D.P. is O.H.'s ("O.H." or "Student") parent.

32.     Plaintiff P.M. is a student with a disability pursuant to 20 U.S.C. § 1401 (3)(A).   He has been classified by the Defendant as a student with Autism.

33.     Plaintiff I.S. is P.M.'s ("P.M." or "Student") parent.

34.     Plaintiff B.S.. is a student with a disability pursuant to 20 U.S.C. § 1401 (3)(A).   She has been classified by the Defendant as a student with Autism.

35.     Plaintiff J.S. is B.S.'s ("B.S." or "Student") parent.

36.     Plaintiff L.O. is a student with a disability pursuant to 20 U.S.C. § 1401 (3)(A).  He has been classified by the Defendant as a student with an Other Health Impairment.

37.     Plaintiff I.V. is L.O.'s ("L.O." or "Student") parent.

38.     Plaintiffs all reside within the boundaries of the New York City Department of Education or resided there during all points relevant to the hearings and to this action.

39.     Upon information and belief, Defendant, the District, is a duly constituted school District organized under the laws of the State of New York, and is the agency charged with the obligation to provide all the listed students herein with a free and appropriate public education ("FAPE") in accordance with the mandates of the IDEIA and the New York State Education Law, for the school years germane to this action.

40.     Plaintiffs respectfully request that the Court accept this Complaint to hear the related Motions for Attorney fees, as the law firm of Littman Krooks LLP ("Littman Krooks") has represented each of the Plaintiffs and all Plaintiffs have prevailed in all the underlying administrative decisions and have assigned Littman Krooks the right of recovery.

41.     Plaintiff, Littman Krooks LLP is a limited liability partnership Law Firm which has offices in  New York, New York and Rye Brook, New York.

## FACTS

### M.A. individually and on behalf of R.A.

42.    Plaintiff M.A. retained the services of Littman Krooks for the purposes of requesting an impartial due process hearing against the Defendant pursuant to the IDEIA and New York State law regarding the Defendant's failure to provide Z.A. with a FAPE for 2018-2019, 2019-2020, 2020-2021, 2021-2022, and 2022-2023 school years.

43.    On February 1, 2023, Littman Krooks drafted and filed a Due Process Complaint (DPC) alleging that the Defendant failed to offer R.A. a FAPE and requested relief.

44.    Impartial Hearing Officer ("IHO"), Lorianne Wolseley, Esq. was duly appointed to preside over the matter on February 9, 2023.  The matter was captioned as Case Number 245541.

45.    The Impartial Hearing commenced on June 27, 2023 and concluded on July 11, 2023.

46.    On September 14, 2023, the IHO issued a Findings of Fact and Decision in the instant matter.[2]    The IHO found that the Defendant failed to provide R.A. with a FAPE for the 2018-2019, 2019-2020, 2020-2021, 2021-2022, and 2022-2023 school years.  The IHO ordered that Defendant fund an independent neuropsychological evaluation; fund an OT evaluation; fund a Speech evaluation; fund 800 hours of compensatory tutoring; and reimburse/fund the Student's tuition at the Rebecca School.

47.    The Defendant did not appeal the IHO's Decision, and its time to do so has expired.  *See* N.Y. Educ. L. § 4404(3).

48.    On November 30, 2023, Plaintiff submitted a Fee Demand to Defendant in the amount of Forty-Seven Thousand Four Hundred Eighteen Dollars and Seventy Five Cents ($47,418.75).

---

[2] A true copy of IHO Wolseley's Findings of Fact and Decision is annexed hereto as Exhibit A.

49.     On December 14, 2023, Defendant acknowledged receipt of Plaintiff's Fee Demand and provided contact information for the staff member assigned to the matter.

50.     To date, this matter remains unresolved.


**A.B. individually and on behalf of D.Z.**

51.     Plaintiff A.B. retained the services of Littman Krooks for the purposes of requesting an impartial due process hearing against the Defendant pursuant to the IDEIA and New York State law regarding the Defendant's failure to provide D.Z. with a FAPE for the 2022-2023 and 2023-2024 school years.

52.     On December 27, 2023, Littman Krooks filed a DPC requesting an impartial hearing on the Plaintiff's behalf. The DPC alleged that the Defendant failed to offer D.Z. a FAPE and requested relief.

53.     On December 28, 2023, IHO Patricia Le Goff, Esq. was duly appointed to preside over the matter, which was captioned as Case Number 267545.

54.     The Impartial Hearing commenced on May 6, 2024 and concluded on June 6, 2024.

55.     On August 7, 2024, the IHO issued a Findings of Fact and Decision in the instant matter. [3] The IHO found that the Defendant failed to provide D.Z. with a FAPE for the 2022-2023 and 2023-2024 school years.  The IHO ordered the Defendant to fund 840 hours of one-to-one tutoring, incorporating ABA Therapy.

56.     The Defendant did not appeal the IHO's Decision, and its time to do so has expired.  *See* N.Y. Educ. L. § 4404(3).

---

[3] A true copy of IHO Le Goff's Findings of Fact and Decision is annexed hereto as Exhibit B.

57.    On September 16, 2023, Plaintiff submitted a Fee Demand to Defendant in the amount of Fifteen Thousand Eight Hundred Sixty-Two Dollars and Fifty Cents ($15,862.50).

58.    On September 27, 2023, Defendant acknowledged receipt of Plaintiff's Fee Demand and provided contact information for the staff member assigned to the matter.

59.    To date, this matter remains unresolved.


**M.B. individually and on behalf of L.V.**

60.    Plaintiff M.B. retained the services of Littman Krooks for the purpose of requesting an impartial due process hearing against the Defendant pursuant to the IDEIA and New York State law regarding the Defendant's failure to provide LV. with a FAPE for the 2022-2023, 2023-2024 and 2024-2025 school years.

61.    On February 18, 2025, Littman Krooks filed a DPC requesting an impartial hearing on the Plaintiff's behalf. The DPC alleged that the Defendant failed to offer L.V. a FAPE and requested relief.

62.    On February 20, 2025, IHO Jessica Mendoza, Esq. was duly appointed to preside over the matter, which was captioned as Case Number 292284.

63.    The Impartial Hearing commenced on April 16, 2025 and concluded on May 6, 2025.

64.    On June 4, 2025, the IHO issued a Findings of Fact and Decision in the instant matter. [4] The IHO found that the Defendant failed to provide L.V. with a FAPE for the 2022-2023, 2023-2024 and 2024-2025 school years.  The IHO ordered that Defendant provide a compensatory bank of 400 hours of tutoring, 3,101 hours of Applied Behavioral Analysis, 252 hours of occupational

---

[4] A true copy of IHO Mendoza's Findings of Fact and Decision is annexed hereto as Exhibit C.

therapy, 504 hours of speech-language therapy and reimbursement to the Parent for 49 hours of Applied Behavioral Analysis therapy.

65. The Defendant did not appeal the IHO's Decision, and its time to do so has expired. *See* N.Y. Educ. L. § 4404(3).

66. On July 17, 2025, Plaintiff submitted a Fee Demand to Defendant in the amount of Thirty Nine Thousand One Hundred Sixty Dollars ($39,160.00).

67. On July 31, 2025, Defendant acknowledged receipt of Plaintiff's Fee Demand and provided contact information for the staff member assigned to the matter.

68. To date, this matter remains unresolved.


**A.C. individually and on behalf of C.H.**

69. Plaintiff A.C. retained the services of Littman Krooks for the purposes of requesting an impartial due process hearing against the Defendant pursuant to the IDEIA and New York State law regarding the Defendant's failure to provide C.H. with a FAPE for the 2022-2023 and 2023-2024 school years.

70. On May 10, 2024, Littman Krooks filed a DPC requesting an impartial hearing on the Plaintiff's behalf. The DPC alleged that the Defendant failed to offer C.H. a FAPE and requested relief.

71. On September 11, 2024, IHO Sabrina Styza, Esq. was duly appointed to preside over the matter, which was captioned as Case Number 273128.

72. The Impartial Hearing took place on November 22, 2024.

73.     On March 21, 2025, the IHO issued a Findings of Fact and Decision in the instant matter.[5]  The IHO found that the Defendant failed to provide C.H. with a FAPE for the 2022-2023 and 2023-2024 school years.  The IHO ordered that Defendant to fund a compensatory bank of 500 hours of tutoring, 588 hours of tutoring, and 42 hours of speech and language therapy.

74.     The Defendant did not appeal the IHO's Decision, and its time to do so has expired.  *See* N.Y. Educ. L. § 4404(3).

75.     On May 1, 2025, Plaintiff submitted a Fee Demand to Defendant in the amount of Twenty Three Thousand and Twenty-Five Dollars ($23,025).

76.     On May 15, 2025, Defendant acknowledged receipt of Plaintiff's Fee Demand and provided contact information for the staff member assigned to the matter.

77.     To date, this matter remains unresolved.


**Y.C. individually and on behalf of J.V.**

78.     Plaintiff Y.C. retained the services of Littman Krooks for the purposes of requesting an impartial due process hearing against the Defendant pursuant to the IDEIA and New York State law regarding the Defendant's failure to provide J.V. with a FAPE for the 2022-2023 and 2023-2024 school years.

79.     On May 30, 2024, the Parent filed a pro se DPC.

80.     On August 6, 2024, Littman Krooks filed an amended DPC requesting an impartial hearing on the Plaintiff's behalf. The amended DPC alleged that the Defendant failed to offer J.V. a FAPE and requested relief.

---

[5] A true copy of IHO Styza's Findings of Fact and Decision is annexed hereto as Exhibit D.

81.     On May 31, 2024, IHO Virginia Tillyard, Esq. was duly appointed to preside over the matter, which was captioned as Case Number 274192.

82.     The Impartial Hearing took place on December 5, 2024.

83.     On April 28, 2025, the IHO issued a Findings of Fact and Decision in the instant matter. [6] The IHO found that the Defendant failed to provide J.V. with a FAPE for the 2022-2023 and 2023-2024 school years.  The IHO ordered that the Defendant to provide a full time 1:1 paraprofessional and fund a compensatory bank of 1680 hours of 1:1 ABA therapy, 84 hours of parent counseling and training, 168 hours of BCBA Supervision, and 600 hours of tutoring.

84.     The Defendant did not appeal the IHO's Decision, and its time to do so has expired.  *See* N.Y. Educ. L. § 4404(3).

85.     On June 25, 2025, Plaintiff submitted a Fee Demand to Defendant in the amount of Thirty Nine Thousand Two Hundred Twenty-One Dollars and Twenty Five Cents ($39,221.25).

86.     On July 9, 2025, Defendant acknowledged receipt of Plaintiff's Fee Demand and provided contact information for the staff member assigned to the matter.

87.     To date, this matter remains unresolved.


**U.H. individually and on behalf of C.B.**

88.     Plaintiff U.H. retained the services of Littman Krooks for the purposes of requesting an impartial due process hearing against the Defendant pursuant to the IDEIA and New York State law regarding the Defendant's failure to provide C.B. with a FAPE for the 2023-2024 and 2024-2025 school years.

---

[6] A true copy of IHO Tillyard's Findings of Fact and Decision is annexed hereto as Exhibit E.

89.     On January 30, 2025, Littman Krooks filed a DPC requesting an impartial hearing on the Plaintiff's behalf. The DPC alleged that the Defendant failed to offer C.B. a FAPE and requested relief. On February 3, 2025, IHO Daniel M. Hochbaum, Esq. was duly appointed to preside over the matter, which was captioned as Case Number 291629.

90.     The Impartial Hearing took place on April 2, 2025 and April 29, 2025.

91.     On June 13, 2025, the IHO issued a Findings of Fact and Decision in the instant matter. [7] The IHO found that the Defendant failed to provide C.B. with a FAPE for the 2023-2024 and 2024-2025 school years.  The IHO ordered that Defendant reimburse the Parents for tuition at Fusion Academy.

92.     The Defendant did not appeal the IHO's Decision, and its time to do so has expired.  *See* N.Y. Educ. L. § 4404(3).

93.     On August 1, 2025, Plaintiff submitted a Fee Demand to Defendant in the amount of Thirty Two Thousand Nine Hundred Eighty Two Dollars and Fifty cents ($32,982.50).

94.     On August 14, 2025, Defendant acknowledged receipt of Plaintiff's Fee Demand and provided contact information for the staff member assigned to the matter.

95.     To date, this matter remains unresolved.


**N.L. individually and on behalf of N.L.**

96.     Plaintiff N.L. retained the services of Littman Krooks for the purposes of requesting an impartial due process hearing against the Defendant pursuant to the IDEIA and New York State law regarding the Defendant's failure to provide N.L. with a FAPE for the 2023-2024 school year.

97.     The Plaintiff filed a pro se DPC on July 31, 2023.

---

[7] A true copy of IHO Hochbaum's Findings of Fact and Decision is annexed hereto as Exhibit F.

98.    On November 27, 2023, Littman Krooks filed an amended DPC requesting an impartial hearing on the Plaintiff's behalf. The DPC alleged that the Defendant failed to offer N.L. a FAPE and requested relief.

99.    IHO Mitchell Regenbogen, Esq. was duly appointed to preside over the matter, which was captioned as Case Number 252197.

100.    The Impartial Hearing took place on June 11, 2024.

101.    On December 13, 2023, the IHO issued a Findings of Fact and Decision in the instant matter. [8]   The IHO found that the Defendant failed to provide N.L. with a FAPE for the 2023-2024 school years.  The IHO ordered that Defendant to fund 420 hours of compensatory ABA; fund 42 hours of parent training by a BCBA and fund 42 hours of BCBA program development.

102.    The Defendant did not appeal the IHO's Decision, and its time to do so has expired.  *See* N.Y. Educ. L. § 4404(3).

103.    On August 12, 2024, Plaintiff submitted a Fee Demand to Defendant in the amount of Nineteen Thousand Two Hundred Thirty Seven Dollars and Fifty Cents ($19,237.50).

104.    On August 19, 2024, Defendant acknowledged receipt of Plaintiff's Fee Demand and provided contact information for the staff member assigned to the matter.

105.    To date, this matter remains unresolved.


**G.M. individually and on behalf of P.M.**

106.    Plaintiff G.M. retained the services of Littman Krooks for the purposes of requesting an impartial due process hearing against the Defendant pursuant to the IDEIA and New York State

---

[8] A true copy of IHO Regenbogen's Findings of Fact and Decision is annexed hereto as Exhibit G.

law regarding the Defendant's failure to provide P.M. with a FAPE for the 2023–2024 and 2024–2025 school years.

107.    On February 26, 2025, Littman Krooks filed a DPC requesting an impartial hearing on the Plaintiff's behalf. The DPC alleged that the Defendant failed to offer P.M. a FAPE and requested relief.

108.    IHO Danielle Silas, Esq., was duly appointed to preside over the matter, which was captioned as Case Number 292513.

109.    The Impartial Hearing took place on May 19, 2025.

110.    On July 7, 2025, the IHO issued a Findings of Fact and Decision in the instant matter. [9] The IHO found that the Defendant failed to provide P.M. with a FAPE for the 2023-2024 and 2024-2025 school years.  The IHO ordered that Defendant to fund 400 hours of compensatory tutoring; and 840 hours of compensatory ABA therapy.

111.    The Defendant did not appeal the IHO's Decision, and its time to do so has expired.  *See* N.Y. Educ. L. § 4404(3).

112.    On August 18, 2025, Plaintiff submitted a Fee Demand to Defendant in the amount of Twenty-Two Thousand Three Hundred Seventy Two Dollars and Fifty Cents ($22,372.50).

113.    On September 2, 2025, Defendant acknowledged receipt of Plaintiff's Fee Demand and provided contact information for the staff member assigned to the matter.

114.    To date, this matter remains unresolved.

---

[9] A true copy of IHO Silas's Findings of Fact and Decision is annexed hereto as Exhibit H.

**M.M. individually and on behalf of A.R.**

115.    Plaintiff M.M. retained the services of Littman Krooks for the purpose of requesting an impartial due process hearing against the Defendant pursuant to the IDEIA and New York State law regarding the Defendant's failure to provide A.R. with a FAPE for the 2022-2023 and 2023-2024 school years.

116.    On September 11, 2024, Littman Krooks filed a DPC requesting an impartial hearing on the Plaintiff's behalf. The DPC alleged that the Defendant failed to offer A.R. a FAPE and requested relief.

117.    On September 13, 2024, IHO Danielle Silas, Esq., was duly appointed to preside over the matter, which was captioned as Case Number 285954.

118.    The Impartial Hearing took place on November 1, 2024, November 4, 2024 and November 15, 2024.

119.    On February 3, 2025, the IHO issued a Findings of Fact and Decision in the instant matter. [10]  The IHO found that the Defendant failed to provide A.R. with a FAPE for the 2022-2023 and 2023-2024 school years.  The IHO ordered that Defendant to fund a compensatory bank of 600 hours of tutoring and 36 hours of Occupational Therapy.

120.    The Defendant did not appeal the IHO's Decision, and its time to do so has expired.  *See* N.Y. Educ. L. § 4404(3).

121.    On April 16, 2025, Plaintiff submitted a Fee Demand to Defendant in the amount of Seventeen Thousand One Hundred Forty Eight Dollars and Seventy-Five Cents ($17,148.75).

122.    On April 30, 2025, Defendant acknowledged receipt of Plaintiff's Fee Demand and provided contact information for the staff member assigned to the matter.

---

[10] A true copy of IHO Silas's Findings of Fact and Decision is annexed hereto as Exhibit I.

123.    To date, this matter remains unresolved.

**M.M. individually and on behalf of L.R.**

124.    Plaintiff M.M. retained the services of Littman Krooks for the purposes of requesting an impartial due process hearing against the Defendant pursuant to the IDEIA and New York State law regarding the Defendant's failure to provide L.R. with a FAPE for the 2022-2023, 2023-2024 and 2024-2025 school years.

125.    On February 28, 2025, Littman Krooks filed a DPC requesting an impartial hearing on the Plaintiff's behalf. The DPC alleged that the Defendant failed to offer L.R. a FAPE and requested relief.

126.    On March 4, 2025, IHO Ronald Abraham, Esq., was duly appointed to preside over the matter, which was captioned as Case Number 285954.

127.    The Impartial Hearing took place on July 23, 2025.

128.    On July 23, 2025, the IHO issued a Findings of Fact and Decision in the instant matter. [11] The IHO found that the Defendant failed to provide L.R. with a FAPE for the 2022-2023, 2023-2024 and 2024-2025 school years.    The IHO ordered that Defendant fund 900 hours of compensatory tutoring.

129.    The Defendant did not appeal the IHO's Decision, and its time to do so has expired.  *See* N.Y. Educ. L. § 4404(3).

130.    On September 2, 2025, Plaintiff submitted a Fee Demand to Defendant in the amount of Eighteen Thousand Seven Hundred Dollars ($18,700).

---

[11] A true copy of IHO Abraham's Findings of Fact and Decision is annexed hereto as Exhibit J.

131.    On April 30, 2025, Defendant acknowledged receipt of Plaintiff's Fee Demand and provided contact information for the staff member assigned to the matter.

132.    To date, this matter remains unresolved.

**T.N. individually and on behalf of R.P.N.**

133.    Plaintiff T.N. retained the services of Littman Krooks for the purpose of requesting an impartial due process hearing against the Defendant pursuant to the IDEIA and New York State law regarding the Defendant's failure to provide R.P.N with a FAPE for the 2022-2023, and 2023-2024 school years.

134.    On June 4, 2024, Littman Krooks filed a DPC requesting an impartial hearing on the Plaintiff's behalf. The DPC alleged that the Defendant failed to offer R.P.N. a FAPE and requested relief.

135.    On June 6, 2024, IHO Harry A. Christodoulou, Esq. was duly appointed to preside over the matter. The matter was captioned as Case Number 274426.

136.    The Impartial Hearing commenced and concluded on August 6, 2024.

137.    On September 17, 2024, the IHO issued a Findings of Fact and Decision in the instant matter.[12]   The IHO found that the Defendant failed to provide a FAPE to R.P.N. for the 2022-2023, and 2023-2024 school years.  The IHO ordered the Defendant to fund 180 hours of compensatory tutoring.

138.    The Defendant did not appeal the IHO's Decision, and its time to do so has expired.  *See* N.Y. Educ. L. § 4404(3).

---

[12] A true copy of IHO Christodoulou's Findings of Fact and Decision is annexed hereto as Exhibit K.

139.   On October 30, 2024, Plaintiff submitted a Fee Demand to Defendant in the amount of Nineteen Thousand One Hundred Forty Six Dollars and Twenty Five Cents ($19,146.25).

140.   On November 13, 2024, Defendant acknowledged receipt of Plaintiff's Fee Demand and provided contact information for the staff member assigned to the matter.

141.   To date, this matter remains unresolved.

**N.N. individually and on behalf of N.N.**

142.   Plaintiff N.N. retained the services of Littman Krooks for the purposes of requesting an impartial due process hearing against the Defendant pursuant to the IDEIA and New York State law regarding the Defendant's failure to provide N.N. with a FAPE for the 2022-2023 and 2023-2024 school years.

143.   On August 30, 2024, Littman Krooks filed a DPC requesting an impartial hearing on the Plaintiff's behalf. The DPC alleged that the Defendant failed to offer N.N. a FAPE and requested relief.

144.   On August 2, 2023, IHO William Yukstas, Esq. was duly appointed to preside over the matter. The matter was captioned as Case Number 284244.

145.   The Impartial Hearing commenced and concluded on November 6, 2024.

146.   On November 7, 2024, the case was administratively reassigned to IHO Andrew Tripodi, Esq.

147.   On December 19, 2024, the IHO issued a Findings of Fact and Decision in the instant matter.[13]   The IHO found that the Defendant failed to provide a FAPE to N.N. for the 2022-2023, and 2023-2024 school years.  The IHO ordered the Defendant to fund 800 hours of compensatory

---

[13] A true copy of IHO Tripodi's Findings of Fact and Decision is annexed hereto as Exhibit L.

tutoring; fund 1,260 hours of compensatory ABA; fund 126 hours of compensatory SLT; fund 126 hours of compensatory OT; fund 42 hours of compensatory counseling; and fund an independent neuropsychological evaluation.

148.    The Defendant did not appeal the IHO's Decision, and its time to do so has expired.  *See* N.Y. Educ. L. § 4404(3).

149.    On January 31, 2025, Plaintiff submitted a Fee Demand to Defendant in the amount of Eighteen Thousand One Hundred Twenty-Seven Dollars and Fifty Cents ($18,127.50).

150.    On February 12, 2025, Defendant acknowledged receipt of Plaintiff's Fee Demand and provided contact information for the staff member assigned to the matter.

151.    To date, this matter remains unresolved**.**

**D.P. individually and on behalf of D.H.**

152.    Plaintiff D.P. retained the services of Littman Krooks for the purpose of requesting an impartial due process hearing against the Defendant pursuant to the IDEIA and New York State law regarding the Defendant's failure to provide D.H. with a FAPE for the 2022-2023 and 2023-2024 school years.

153.    On April 8, 2024, Littman Krooks filed a DPC requesting an impartial hearing on the Plaintiff's behalf. The DPC alleged that the Defendant failed to offer D.H. a FAPE and requested relief.

154.    On April 17, 2024, IHO Jaime Kotchek, Esq. was duly appointed to preside over the matter, which was captioned as Case Number 272238.

155.    The Impartial Hearing commenced on June 12, 2024 and concluded on July 10, 2024.

156.    On July 16, 2024, the IHO issued a Findings of Fact and Decision in the instant matter. [14] The IHO found that the Defendant failed to provide D.H. with a FAPE for the 2022-2023 and 2023-2024 school years.    The IHO ordered that Defendant fund 700 hours of compensatory tutoring and a CSE reconvene.

157.    The Defendant did not appeal the IHO's Decision, and its time to do so has expired.    *See* N.Y. Educ. L. § 4404(3).

158.    On August 27, 2025, Plaintiff submitted a Fee Demand to Defendant in the amount of Twelve Thousand Twenty Five Dollars ($12,025).

159.    On September 9, 2024, Defendant acknowledged receipt of Plaintiff's Fee Demand and provided contact information for the staff member assigned to the matter.

160.    To date, this matter remains unresolved.


**D.P. individually and on behalf of O.H.**

161.    Plaintiff D.P. retained the services of Littman Krooks for the purposes of requesting an impartial due process hearing against the Defendant pursuant to the IDEIA and New York State law regarding the Defendant's failure to provide O.H. with a FAPE for the 2022-2023 and 2023-2024 school years.

162.    On April 18, 2024, Littman Krooks filed a DPC requesting an impartial hearing on the Plaintiff's behalf. The DPC alleged that the Defendant failed to offer O.H. a FAPE and requested relief.

163.    On April 22, 2024, IHO Lauren Wagner Pederson, Esq. was duly appointed to preside over the matter, which was captioned as Case Number 272397.

---

[14] A true copy of IHO Kotchek's Findings of Fact and Decision is annexed hereto as Exhibit M.

164.    The Impartial Hearing commenced on July 22, 2024 and concluded on August 7, 2024.

165.    On March 4, 2025, the IHO issued a Findings of Fact and Decision in the instant matter. [15] The IHO found that the Defendant failed to provide O.H. with a FAPE for the 2022-2023 and 2023-2024 school years.  The IHO ordered that Defendant fund a compensatory bank of 3,360 hours of ABA, 42 hours of Occupational Therapy, 42 hours of Speech Language Therapy, 42 hours of counseling, and 800 hours of tutoring.

166.    The Defendant did not appeal the IHO's Decision, and its time to do so has expired.  *See* N.Y. Educ. L. § 4404(3).

167.    On May 1, 2025, Plaintiff submitted a Fee Demand to Defendant in the amount of Twenty Three Thousand Four Hundred Three Dollars and Seventy Five Cents ($23,403.75).

168.    On May 15, 2025, Defendant acknowledged receipt of Plaintiff's Fee Demand and provided contact information for the staff member assigned to the matter.

169.    To date, this matter remains unresolved.


**I.S. individually and on behalf of P.M.**

170.    Plaintiff I.S. retained the services of Littman Krooks for the purposes of requesting an impartial due process hearing against the Defendant pursuant to the IDEIA and New York State law regarding the Defendant's failure to provide P.M. with a FAPE for the 2022-2023 and 2023-2024 school years.

171.    On July 10, 2024, Littman Krooks filed a DPC requesting an impartial hearing on the Plaintiff's behalf. The DPC alleged that the Defendant failed to offer P.M. a FAPE and requested relief.

---

[15] A true copy of IHO Pederson's Findings of Fact and Decision is annexed hereto as Exhibit N.

172.    On July 11, 2024, IHO Michele Host, Esq. was duly appointed to preside over the matter. The matter was captioned as Case Number 278180.

173.    The Impartial Hearing took place on October 23, 2024.

174.    On December 2, 2024, the IHO issued a Findings of Fact and Decision in the instant matter.[16]   The IHO found that the Defendant failed to provide a FAPE to P.M. for the 2022-2023 and 2023-2024 school years.  The IHO ordered the Defendant to fund 800 hours of compensatory tutoring; fund 720 hours of ABA; fund 72 hours of parent training; and fund 72 of program development.

175.    The Defendant did not appeal the IHO's Decision, and its time to do so has expired.  *See* N.Y. Educ. L. § 4404(3).

176.    On January 15, 2025, Plaintiff submitted a Fee Demand to Defendant in the amount of Nineteen Thousand, Eight Hundred Eleven Dollars and Twenty-Five Cents ($19,811.25).

177.    On February 3, 2025, Defendant acknowledged receipt of Plaintiff's Fee Demand and provided contact information for the staff member assigned to the matter.

178.    To date, this matter remains unresolved.


**J.S. individually and on behalf of B.S.**

179.    Plaintiff J.S. retained the services of Littman Krooks for the purposes of requesting an impartial due process hearing against the Defendant pursuant to the IDEIA and New York State law regarding the Defendant's failure to provide B.S. with a FAPE for the 2023-2024 and 2024-2025 school years.

---

[16] A true copy of IHO Host's Findings of Fact and Decision is annexed hereto as Exhibit O.

180.    On February 25, 2025, Littman Krooks filed a DPC requesting an impartial hearing on the Plaintiff's behalf. The DPC alleged that the Defendant failed to offer B.S. a FAPE and requested relief.

181.    On February 26, 2025, IHO Joshua Pal, Esq. was duly appointed to preside over the matter. The matter was captioned as Case Number 292500.

182.    The Impartial Hearing took place on June 2, 2025.

183.    On June 30, 2025 the IHO issued a Findings of Fact and Decision in the instant matter.[17] The IHO found that the Defendant failed to provide a FAPE to B.S. for the 2023-2024 and 2024-2025 school years.  The IHO ordered the Defendant to fund 360 hours of compensatory ABA therapy, 72 hours of compensatory BCBA supervision services, and 72 hours of compensatory parent counseling and training; and directed the Defendant to convene the CSE develop a new Individualized Education Program (IEP) for the student.

184.    The Defendant did not appeal the IHO's Decision, and its time to do so has expired.  *See* N.Y. Educ. L. § 4404(3).

185.    On August 14, 2025, Plaintiff submitted a Fee Demand to Defendant in the amount of Twenty Six Thousand, Six Hundred Eighty Five Dollars ($26,685.00).

186.    On August 27, 2025, Defendant acknowledged receipt of Plaintiff's Fee Demand and provided contact information for the staff member assigned to the matter.

187.    To date, this matter remains unresolved.

---

[17] A true copy of IHO Pal's Findings of Fact and Decision is annexed hereto as Exhibit P.

**I.V. individually and on behalf of L.O.**

188.     Plaintiff I.V. retained the services of Littman Krooks for the purposes of requesting an impartial due process hearing against the Defendant pursuant to the IDEIA and New York State law regarding the Defendant's failure to provide L.O. with a FAPE for the 2022-2023 and 2023-2024 school years.

189.     On August 31, 2023, Littman Krooks filed a DPC requesting an impartial hearing on the Plaintiff's behalf. The DPC alleged that the Defendant failed to offer L.O. a FAPE for said years and requested relief.

190.     On September 1, 2023, IHO Kia Moore, Esq. was duly appointed to preside over the matter, which was captioned as Case Number 253608.

191.     The Impartial Hearing took place on November 6, 2024.

192.     On January 11, 2024, the IHO issued a Findings of Fact and Decision in the instant matter.[18]   The IHO found that the Defendant denied L.O. a FAPE for the 2023-2024 school years. The IHO ordered the Defendant to reconvene the CSE; reimburse the Parent for tuition at the Student's private school; and pay the remaining tuition owed to the private school.

193.     The Defendant did not appeal the IHO's Decision, and its time to do so has expired.  *See* N.Y. Educ. L. § 4404(3).

194.     On July 3, 2024, Plaintiff submitted a Fee Demand to Defendant in the amount of Forty Four Thousand One Hundred Thirty One Dollars and Twenty-Five Cents ($44,131.25).

195.     On July 17, 2024, Defendant acknowledged receipt of Plaintiff's Fee Demand and provided contact information for the staff member assigned to the matter.

196.     To date this claim remains unresolved.

---

[18] A true copy of IHO Moore's Findings of Fact and Decision is annexed hereto as Exhibit Q.

**AS AND FOR A FIRST CAUSE OF ACTION**

197.    Plaintiff repeats and realleges paragraphs 1 through 197 as if more fully set forth herein.

198.    Plaintiffs M.A., A.B., M.B., A.C., Y.C., U.H., N.L., G.M., M.M., M.M, T.N., N.N., D.P., D.P., I.S., J.S., and I.V. have assigned, via executed agreement, to Littman Krooks LLP the right to attorney fees that arise from having prevailed in the administrative proceedings described above.

199.    Plaintiff Littman Krooks LLP has submitted to the District a request for payment for services rendered on each of the administrative proceedings described above ("attorney fee claims").

200.    Plaintiff Littman Krooks LLP has attempted, without success, to resolve the attorney fee claims.

201.    Plaintiff Littman Krooks LLP hereby demands reasonable attorney fees and expenses pursuant to 20 U.S.C. §1415(i)(3) for services rendered on the above noted administrative proceedings.

202.    Defendant having not satisfied its obligation to pay attorney fees in a timely fashion, Plaintiffs demand prejudgment interest.


**AS AND FOR A SECOND CAUSE OF ACTION**

203.    Plaintiff repeats and realleges the allegations in paragraphs 1 through 203 as if fully set forth herein.

204.    Defendant has, upon information and belief, acted in bad faith by unduly delaying, through inappropriate practices and assigning inadequate staff, both the provision of FAPE and payment of attorney fees, necessary for the provision of FAPE.

205. Plaintiffs have relied on the representations of Defendant that it was settling cases to each respective Plaintiff, to their detriment as such procedures have proven ineffective.

206. Each Plaintiff was the prevailing party at the impartial hearing, and as such should receive an award of attorneys' fees within a reasonable time frame, pursuant to the procedures set forth by Defendant.

207. The time expended by Littman Krooks' attorneys and paralegals in connection with the impartial hearing and this action for fees was reasonable in light of the legal services requested and performed.

208. The costs and fees that Littman Krooks charged pursuant to the retainer for the impartial hearing are commensurate with market value in light of the experience and expertise of Counsel and the complexity of the issues involved.

209. Defendant has developed a pattern of delay and failed to negotiate cases in a reasonable and timely manner.

WHEREFORE, Plaintiffs respectfully request that this Court:

(a) Assume jurisdiction of this action;

(b) Award LITTMAN KROOKS LLP reasonable attorneys' fees and costs individually, in an amount to be determined at trial, totaling no less than Four Hundred Thirty Eight Thousand Four Hundred Fifty Eight Dollars and Seventy Five cents ($438,458.75) plus interest, as well as additional costs, and expenses, as well as the additional costs incurred in connection with the events leading to and the prosecution of this action to recover reasonable attorneys' fees based on each Plaintiff's success in the following underlying actions:

| | |
|---|---|
| M.A. individually and on behalf of R.A. | $47,418.75 |
| A.B. individually and on behalf of D.Z. | $15,862.50 |
| M.B. individually and on behalf of L.V. | $39,160.00 |
| A.C. individually and on behalf of C.H. | $23,025.00 |
| Y.C. individually and on behalf of J.V. | $39,221.25 |
| U.H. individually and on behalf of C.B. | $32,982.50 |

| | |
|---|---|
| N.L. individually and on behalf of N.L. | $19,237.50 |
| G.M. individually and on behalf of P.M. | $22,372.50 |
| M.M. individually and on behalf of A.R. | $17,148.75 |
| M.M. individually and on behalf of L.R. | $18,700.00 |
| T.N. individually and on behalf of R.P.N. | $19,146.25 |
| N.N. individually and on behalf of N.N. | $18,127.50 |
| D.P. individually and on behalf of D.H. | $12,025.00 |
| D.P. individually and on behalf of O.H. | $23,403.75 |
| I.S. individually and on behalf of P.M. | $19,811.25 |
| J.S. individually and on behalf of B.S. | $26,685.00 |
| I.V. individually and on behalf of L.O. | $44,131.25 |
| **Total** | **$438,458.75** |

(c) Award such other and further relief as the Court deems just and proper.

Dated: New York, New York
        September 18, 2025

_____
Arshi Pal, Esq.
Littman Krooks LLP
Attorney for Petitioners
1325 Avenue of the Americas
New York, New York 10019
(914) 684-2100
apal@littmankrooks.com


Of Counsel:  Marion M. Walsh, Esq.